**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                           CRIMINAL ACTION NO. 3:03-cr-182-2

TERRENCE A. ASKEW,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The defendant's original Presentence Investigation Report attributed to him 47.26 grams of cocaine base. His original offense conduct resulted in a base offense level of 30, and a criminal

history category of II.  Two levels were added for possession of a firearm. The defendant's level was then decreased by three levels for acceptance of responsibility, for a total offense level of 29. His original guideline range was 97 to 21 months.

If the court applies the amended Guidelines to this case, the defendant's new base offense level would be 28, and his total offense level would be 27. An offense level of 27 and a criminal history category of II results in a guideline range of 78-97 months imprisonment.

The government argues that the defendant should not receive a reduction in sentence because he was originally sentenced under an advisory, rather than mandatory, guideline scheme. (*See* United States' Mem. 5 [Docket 160].) Specifically, the government argues that when the defendant was sentenced, the court found 97 months to be sufficient, but not greater than necessary, to achieve the purposes set forth by Congress in 18 U.S.C. §3553(a). As nothing has occurred that would change the court's prior § 3553(a) analysis, the government contends, there is no reason for the court to reduce the sentence it previously imposed.

The court disagrees with this reasoning. The defendant was sentenced in 2005, which was before the Supreme Court issued *Rita v. United States*, 127 S. Ct. 2546 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007). As this court has previously noted, the fact that the Supreme Court had to issue at least three post-*Booker* opinions indicates that, prior to *Gall*, the state of sentencing law was unclear, at least from the point of view of district courts and courts of appeals. *See United States v. Moreland*, Case No. 2:04-cr-142, 2008 WL 904652, at *9, (S.D. W. Va. Apr. 3, 2008). Given that district courts were still struggling to reconcile the 3553(a) factors with an advisory Guidelines regime when the defendant was sentenced, the fact that he was sentenced post-*Booker* is not alone sufficient to deny him a reduced sentence

based on the amendment to the crack cocaine guidelines.

Not only was sentencing law unclear prior to *Gall*, but prior to *Kimbrough*, some courts of appeals believed that it was per se unreasonable for a district court to disagree with the 100-to-1 crack/powder disparity contained within the Guidelines and sentence a defendant accordingly. *Kimbrough*, 128 S. Ct. At 564. In *Kimbrough*, however, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. The defendant in this case was sentenced before the Supreme Court's *Kimbrough* opinion.

If there were evidence that reducing the defendant's sentence would pose a danger to public safety, the court would nevertheless be wary about granting him a reduction. The government has not, however, argued that the defendant is dangerous or that he has a significant criminal history. While the government notes that the defendant possessed a firearm in connection with his offense and has active warrants in the State of Michigan, it also notes that the defendant "has apparently conducted himself well while incarcerated." (United States' Mem. 5-6.) In contrast, the defendant asserts that he has resolved these outstanding cases and has been sentenced to time served, with the sentences running concurrently with his federal sentence. (Def.'s Mem. 4 [Docket 162].) The defendant has provided evidence in support of his statements. (*See* Def.'s Mem. Ex. C &D.)

After having considered the 3553(a) factors and public safety, the court **FINDS** that the defendant is entitled to a reduced sentence. While the defendant has some criminal history, it is not a particularly violent one. Moreover, courts are instructed, when assessing the propriety of granting a reduction, to consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii).

Here, the defendant has not caused trouble while incarcerated. Instead, he has completed several prison courses and earned 21 hours of college credit. He has also worked as a photographer at FCI Beckley. (Def.'s Mem. 3-4.) This activity demonstrates that the defendant is capable of contributing to society when he eventually rejoins it. Finally, even after his sentence is reduced, the defendant will still be spending over six years in federal prison. Such a sentence reflects the seriousness of the defendant's offense and will promote respect for the law.

The Court **ORDERS** that the defendant's base offense level be reduced by two levels, resulting in a new total offense level of 27, and a guideline range of 78 to 97 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 78 months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals.

                                  ENTER:      April 9, 2008

*Joseph R. Goodwin, Chief Judge*